IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TIMOTHY ALLEN LEHR,

*Plaintiff*,

v.

DONALD ROBERT TERRY, JR.,
*et al.*,

*Defendants*.

Civil No.: 1:25-cv-02464-JRR

## MEMORANDUM OPINION

Pending before the court is Defendants' Partial Motion to Dismiss for Failure to State a Claim. (ECF No. 9; the "Motion.")  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).  For the reasons set forth below, by accompanying order, the Motion will be granted in part and denied in part as moot.

## I.    BACKGROUND[1]

On August 17, 2022, *pro se* Plaintiff Timothy Allen Lehr was operating a motor vehicle on Concord Road in Anne Arundel County, Maryland.  (ECF No. 1 ¶ 1.)  Before making a left-hand turn onto Professional Boulevard, Plaintiff alleges he came to a complete stop.  *Id.*  At the same time, Defendant Terry, an employee of JW, was operating a commercial vehicle owned by JW; Defendant Terry was also on Concord Road, directly behind Plaintiff.  *Id.* ¶¶ 2–3.  Plaintiff alleges that, at all pertinent times, he operated his vehicle "in a reasonable and prudent manner with due caution and regard for the motor vehicle laws of the State of Maryland."  *Id.* ¶ 4.  Plaintiff asserts Defendant Terry failed to maintain control of his vehicle and struck Plaintiff's vehicle while Plaintiff was stopped.  *Id.* ¶ 5.  As a result of the accident, Plaintiff claims his right knee was injured and he was subsequently unable to bear weight or

---

[1] For purposes of resolving the Motion, the court accepts as true all well-pled facts set forth in the Complaint. (ECF No. 1.)  *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

walk on his right leg. *Id.* ¶¶ 13, 17. Further, following the accident, Plaintiff was unable to work, sustained irreversible damage to his right knee and required total right knee arthroplasty. *Id.* ¶ 19.

Plaintiff initiated this action on July 28, 2025, against Defendants Donald Robert Terry, Jr., and JW Canaday Trucking, Inc. ("JW"). (ECF No. 1; the "Complaint.") Plaintiff is a resident of Maryland. *Id.* at p. 1. Defendant Terry is a resident of Virginia and Defendant JW is a corporation with its principal place of business in Virginia. *Id.* at p. 1. In his Complaint, Plaintiff asserts claims of negligence against Terry (Count I), agency on the part of JW for the negligence of Terry (Count II), and fraud against both Defendants (Counts III and IV) for allegedly "altering, fabricating, and removing diagnostic findings, medical diagnosis, and treatment records from [] [P]laintiff's electronically stored medical history maintained by" Concentra and MedStar Health Systems from September 17, 2011 to March 19, 2025.[2] *Id.* ¶¶ 6–30.

Plaintiff seeks the following relief: (1) $177,282 in lost wages for the period May 25, 2023, through March 19, 2026; (2) $357,458 in future lost wages for the period March 19, 2026, through May 31, 2040; (3) $70,000 in "past and future" medical expenses; (4) $965,000 in non-economic damages for permanent physical impairment, past and future pain, suffering, mental anguish, and inconvenience; and (5) $2,418,960 in punitive damages. (ECF No. 1 at p. 8.)

In response to the Complaint, Defendants filed the instant Motion requesting dismissal of Counts III and IV (for fraud) as well as Plaintiff's demand for punitive damages. (ECF No. 9.) Plaintiff filed a response titled "Memorandum in Opposition of Defendants' Requests to Fully and Partially Dismiss Complaint with Prejudice and Plaintiff's Request for Voluntary

---

[2] In support of his fraud claims, Plaintiff attaches exhibits to his Complaint consisting of medical records from both before and after the accident at issue. (Exs. A–B, ECF Nos. 1-4–1-6.)

Dismissal of Fraud Counts III and IV with Leave of the Court to Amend the Complaint After Substantial Discovery has Been Made." (ECF No. 15, the "Opposition.") Defendants filed a Reply in support of the Motion and opposing various arguments asserted by Plaintiff in his Opposition. (ECF No. 18.)

## II.    LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(6)

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint." *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017), *as amended* (Jan. 20, 2017) (quoting *Papasan v. Allain*, 478 U.S. 265, 283 (1986)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that 'the defendant is liable for the misconduct alleged.'" *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011) (citing *Iqbal*, 556 U.S. at 678).

A plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, thereby nudging its claims across the line from conceivable to plausible." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citation modified) (quoting *Twombly,* 550 U.S. at 555, 570). The plausibility requirement is not "a probability requirement but rather a mandate that a plaintiff 'demonstrate more than a sheer possibility that a defendant has acted unlawfully." *In re Birmingham*, 846 F.3d at 92 (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). Reliance on "labels and conclusions" and "a

formulaic recitation of the elements of a cause of action" are insufficient.  *Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court usually does not consider evidence outside of the complaint.  The court may, however, consider "documents integral to and relied upon in the complaint, . . . so long as the plaintiff does not question their authenticity."  *Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (4th Cir. 2021).  "To be 'integral,' a document must be one 'that by its very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'" *Wooten v. Univ. of Maryland, Baltimore*, 733 F. Supp. 3d 402, 415 (D. Md. 2024) (emphasis in original) (quoting *Chesapeake Bay Found. Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011)).  "In addition to integral and authentic exhibits, on a 12(b)(6) motion the court 'may properly take judicial notice of matters of public record.'"  *Chesapeake Bay Found., Inc.*, 794 F. Supp. 2d. at 611 (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).  Specifically, the court may take judicial notice of publicly available information on state and federal government websites without converting the motion to one for summary judgment.  *See U.S. v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on the state and federal government websites.").

The exhibits attached to Plaintiff's Opposition and Defendants' Reply are not expressly referenced in the Complaint, and the parties do not assert, nor does the court discern, that they are integral to Plaintiff's allegations.  (Exs. A–B, ECF Nos. 1-4–1-6; Ex. 1, ECF No. 18-1.) Accordingly, the court shall not consider them in evaluating the Motion.

### III.   <u>ANALYSIS</u>

As an initial matter, the court is ever mindful that pro se filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards than filings drafted by lawyers.  *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v.*

4

*Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). Such liberal construction, however, does not absolve Plaintiff from pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Defendants assert two arguments in their Motion: (1) Plaintiff has not sufficiently plead allegations to support a finding of malicious intent on the part of Defendants as required for punitive damages; and (2) Plaintiff has not sufficiently plead allegations to support claims of fraud against Defendants. (ECF No. 9-1 at pp. 5–10.) Before turning to Defendants' argument regarding punitive damages, the court first addresses Plaintiff's fraud claims (Counts III and IV).

### A. Fraud Claims (Counts III and IV)

As noted by Defendants, "Counts III and IV of the Complaint allege that Defendants engaged in fraud by altering, falsifying and removing Plaintiff's medical treatment records from certain providers in an attempt to argue against the cause of Plaintiff's claimed injuries and to attack Plaintiff's credibility by manipulating his medical records." (ECF No. 9-1 at p. 8.) Defendants argue Plaintiff's fraud claims "cannot survive [a motion for] dismissal as they fail to [allege facts that, if true,] establish that Defendants, individually or collectively, made any false representation to Plaintiff concerning the subject collision." *Id.* at p. 9.

In Opposition, Plaintiff asserts that although he is "a self-represented litigant and may not have used sufficient legal language in [his] initial filing or plead [in accordance with the]

5

legal standard required to plead fraud, the facts supporting the fraud claims were clearly stated and arose from the wrongful acts of the defendants." (ECF No. 15 at pp. 2–3.) In support, Plaintiff references a prior workers' compensation claim he made regarding the accident at issue, in which he claims a final compromise and settlement were reached "on the merits of the plaintiff's falsified medical history." *Id.* at p. 3.[3] Notwithstanding this assertion, Plaintiff requests the court allow him to voluntarily dismiss Counts III and IV without prejudice "and with leave of the court to amend his complaint after such time substantial discovery has been completed."[4,5] *Id.* Defendants do not specifically address either of Plaintiff's requests in their Reply; rather they affirm they seek dismissal of Counts III and IV with prejudice and without leave to amend. (ECF No. 18 at p. 8.)[6]

Accordingly, in light of Plaintiff's request to voluntarily dismiss Counts III and IV and Defendants' lack of opposition thereto, Counts III and IV of the Complaint will be dismissed without prejudice in accordance with Federal Rule of Civil Procedure 41(a)(2); and the Motion will be denied as moot in that respect.[7]

---

[3] Although Plaintiff and Defendants attach a copy of an Agreement of Final Compromise and Settlement reached in the above-referenced workers' compensation action, the court does not include these facts or evidence in its analysis, as explained in Section II.A, *supra*, as they are neither integral to nor relied upon in Plaintiff's Complaint.

[4] The court construes Plaintiff's request to voluntarily dismiss Counts III and IV as one for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).

[5] A proposed amended complaint is attached to Plaintiff's Opposition at ECF No. 15-1. The court discerns no substantive difference in the proposed amended complaint and operative Complaint other than removal of Counts III and IV for fraud from the proposed amended complaint.

[6] In his response to the Motion, as set forth above, Plaintiff refers to "prior Judicial proceedings" that Plaintiff seemingly asserts preclude Defendants' defenses in this action by operation of *res judicata* and collateral estoppel. (ECF No. 15 at p. 2.) Defendants robustly counter this assertion in their reply in support of the Motion. The court declines to reach these issues here, as no party has brought a proper motion seeking relief by operation of either *res judicata* or collateral estoppel. The parties of course remain free to file whatever motions they deem appropriate. Similarly, Plaintiff makes various statements pertaining to the Sixth Amendment right to counsel in criminal cases and the "systematic barriers to obtaining legal representation." *Id.* at p. 4. As Plaintiff acknowledges there is no right to appointment of counsel in civil matters, the court does not construe Plaintiff to request appointment of counsel. Plaintiff remains free to file a motion for appointment of counsel should he so choose.

[7] The court declines to dismiss Counts III and IV with prejudice as requested by Defendants. *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").

### B. Plaintiff's Request for Leave to Amend Complaint

With respect to Plaintiff's request for leave to amend his Complaint after the close of discovery, the court notes that opposition to a motion to dismiss is not the proper vehicle for amending a complaint. *Mylan Lab'ys, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (noting that "it is axiomatic that [a] complaint may not be amended by the briefs in opposition to a motion to dismiss") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101 (7th Cir.1984)); *Davis v. Screening Reps., Inc.*, No. 25-1785-BAH, 2025 WL 3551846, at *6 (D. Md. Dec. 11, 2025) (finding that "[o]rdinarily, requesting leave to amend in a response in opposition to a motion to dismiss does not constitute a proper motion for leave to amend").

Pursuant to Federal Rule of Civil Procedure Rule 15(a), a party may amend its pleading once as a matter of course within 21 days after serving it or within 21 days after service of a motion under Rule 12(b), whichever is earlier. FED. R. CIV. P. 15(a)(1). When the right to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Where, as here, Plaintiff's right to amend as a matter of course has expired, he must seek leave to amend by submitting a separate motion for leave to amend or obtain Defendants' written consent, and must accompany his filing with a proposed amended complaint including any additional claims he seeks to add. The court cannot grant Plaintiff leave to file a future, speculative amended complaint without assessing such additional proposed claims or amendments to existing claims.

Accordingly, Plaintiff's request for leave to amend will be denied without prejudice. To the extent Plaintiff seeks leave to amend his Complaint in the future, Plaintiff must comply with Local Rule 103.6.[8] Plaintiff is advised that an amended complaint replaces the operative

---

[8] Local Rule 103.6 provides in relevant part: "Whenever a party files a motion requesting leave to file an amended pleading, the original of the proposed amended pleading shall accompany the motion. If the motion is granted, an additional copy of the amended pleading need not be filed. The amended pleading shall be deemed to have

complaint.  Therefore, a proposed amended complaint must include all allegations against each defendant, so that the amended complaint may stand alone as the sole complaint.

### C.  Plaintiff's Request for Punitive Damages

Next, Defendants argue that "Plaintiff has not sufficiently plead allegations to support any form of malicious intent on the part of either Defendant to make a claim for punitive damages with respect to any of his claims[] [because] [t]he Complaint lacks any factual allegations [that, accepting them as true,] establish[] that Defendants acted with actual malice in connection with the subject collision."  (ECF No. 9-1 at p. 5.)  As set forth above, Plaintiff seeks $2,418,960 in punitive damages against Defendants.  In his Opposition, with regard to damages, Plaintiff merely states that he "admits that he cannot artfully draft pleadings in a legal complaint for damages."  (ECF No. 15 at p. 2.)  Thus, Plaintiff concedes Defendants' point by failure to squarely address it.  Nonetheless, in accordance with the liberal construction afforded a *pro se* plaintiff's complaint, as explained above, the court assesses whether Plaintiff may seek an award of punitive damages in this case.

While caselaw is not uniform on this front, it does support the notion that a Rule 12(b)(6) motion "applies to claims, not to requests for a certain type of damages that are merely the relief demanded as part of a claim."  *Navient Sols., LLC v. L. Offs. of Jeffrey Lohman*, No. 119CV461LMBTCB, 2020 WL 1867939, at *5 (E.D. Va. Apr. 14, 2020) (quoting *Pucci v. Carnival Corp.*, 146 F. Supp. 3d 1281, 1293 (S.D. Fla. 2015)); *see Johnston v. Speedway, LLC*, No. 7:21CV00100, 2021 WL 1662725, at *4 (W.D. Va. Apr. 28, 2021) (noting that "[t]his court has previously concluded that a Rule 12(b)(6) motion is not the proper mechanism to challenge (or dismiss) a plaintiff's request for a particular remedy").  *But see Aarow Elec. Sols. v. Tricore Sys., LLC*, No. CV JKB-22-2363, 2024 WL 1443743, at *4 n.2 (D. Md. Apr. 3, 2024)

---

been served, for the purpose of determining the time for response under Fed. R. Civ. P. 15(a), on the date that the Court grants leave for its filing."  Local Rule 103.6(a) (D. Md. 2025).

(noting a "theme" in its analysis of Fourth Circuit cases that "dismissal of a punitive damages request is appropriate where the claim upon which that request is premised has been dismissed or where the claim cannot support a request for punitive damages").   Because the court finds that Plaintiff's remaining claims cannot support a request for punitive damages, the court will address Defendants' request.

"In Maryland, punitive damages are designed 'to punish the wrongdoer for particularly egregious or heinous conduct and to deter others from following suit.'"  *McMillan v. Kansas City Life Ins. Co.*, No. 1:22-CV-01100-ELH, 2023 WL 3901279, at *7 (D. Md. June 7, 2023) (quoting *Anne Arundel County v. Reeves*, 474 Md. 46, 66 (2021)).  Under Maryland law, "[i]n a tort action, a plaintiff must prove that a defendant had actual malice in order to obtain punitive damages."  *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 295 (D. Md. 2005) (citing *Montgomery Ward v. Wilson,* 339 Md. 701, 664 (1995)).  "Actual malice has been defined as conduct 'characterized by evil motive, intent to injure, ill will, or fraud.'" *Id.* (quoting *Komornik v. Sparks,* 331 Md. 720, 629 (1993)). Thus, to be awarded punitive damages, Plaintiff's Complaint must sufficiently allege that Defendants committed fraud or another tort with actual malice.

Here, the court notes Plaintiff's claims for punitive damages underlie all claims.  As Counts III and IV of the Complaint (for fraud) will be dismissed as described above, the court addresses whether Counts I and II (for negligence and agency) sufficiently allege actual malice on the part of Defendants.  As previously explained by Judge Hollander of this court:

> "What is needed to support an award of punitive damages is conscious and deliberate wrongdoing." *Hoffman v. Stamper*, 385 Md. 1, 42, 867 A.2d 276, 301 (2005). Thus, "[n]egligence or misjudgment, 'however gross,' does not satisfy the knowledge element." *VF Corp. v. Wrexham Aviation Corp.*, 350 Md. 693, 704, 715 A.2d 188, 193 (1998); *see Al-Sabah v. Agbodjogbe*, SAG-17-730, 2020 WL 1307388, at *2 (D. Md. Mar. 19, 2020); *see also Darcars*, 378 Md. at 264, 841 A.2d at 837 (noting that " 'negligence alone, no matter how gross, wanton, or outrageous,

will not satisfy [the] standard [of actual malice]' ") (internal citation omitted) (alteration in *Darcars*).

*McMillan v. Kansas City Life Ins. Co.*, No. 1:22-CV-01100-ELH, 2023 WL 3901279, at *7 (D. Md. June 7, 2023).  In order "[t]o support a claim for punitive damages, 'in *any* tort case[,] a plaintiff must establish by clear and convincing evidence the basis for an award of punitive damages.'"  *Beall v. Holloway-Johnson*, 446 Md. 48, 72 (2016) (quoting *Owens–Illinois, Inc. v. Zenobia,* 325 Md. 420, 469 (1992) (emphasis in original).

Here, Counts I and II of the Complaint allege negligence by Defendant Terry and the imputation of Terry's negligence to Defendant JW, his employer at the time of the accident, on an agency theory.  Construing the facts in the light most favorable to Plaintiff, he fails to allege facts that either Defendant acted with evil motive or intent to injure.  Plaintiff's negligence claim merely asserts Terry had a duty of care and breached that duty by failing to pay proper attention to the roadway, failing to maintain a proper lookout, etc.  (ECF No. 1 ¶¶ 6–7.)  Further, as explained by Judge Hollander above, because negligence alone cannot satisfy the standard of actual malice under Maryland law, Plaintiff cannot recover punitive damages on the basis of the remaining counts of his Complaint.  *McMillan*, 2023 WL 3901279, at *7.

Accordingly, Plaintiff's request for punitive damages as set forth in the operative Complaint will be dismissed without prejudice.[9]

## IV.    CONCLUSION

For the reasons set forth herein, by separate order, the Motion is granted in part and denied as moot in part.

July 1, 2026

/S/

_____
Julie R. Rubin
United States District Judge

---

[9] As set forth in footnote 7, *supra,* the court similarly declines to dismiss Plaintiff's request for punitive damages with prejudice as requested by Defendants.

10